# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**BYRON WENDELL NORRIS**                                                   **PETITIONER**

**VS.**                         **CIVIL ACTION NO. 3:05-CV-648-WHB-JCS**

**RONALD KING and**
**JIM HOOD, Attorney General**                               **RESPONDENTS**

_____

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

### Procedural History

Byron Wendell Norris was convicted of two counts of sexual battery (Counts I and II) and one count of conspiracy to commit sexual battery (Count III) in the Circuit Court of Pike County, Mississippi, after a jury trial conducted on June 27, 2002. He was subsequently sentenced on July 1, 2002, to serve two consecutive terms of twenty (20) years on Counts I and II (sexual battery) and a concurrent term of five (5) years on Count III (conspiracy). The first twenty years were to be served day for day and the remaining twenty (20) years on post-release supervision, all in the custody of the Mississippi Department of Corrections. C. P. 45-46.

On direct appeal, Norris (through his counsel) assigned as the only error the following:

> Was the jury verdict against the overwhelming weight and sufficiency of the evidence?

Norris then filed a *pro se* Supplemental Brief in which he raised the following additional issues, quoted below:

> A. The trial court erred in allowing any and all jury instructions referring to "aiding and abetting," specifically those not charged as such in the indictment.
>
> B. The trial court erred in allowing photographs to be admitted into evidence, which implied an alleged assault which the defendant was not charged with, or on trial for.
>
> C. The trial court erred in allowing references to the alleged assault on BS.
>
> D. The defense counsel was ineffective, due to the fact, for not impeaching BS with prior state's witnesses' testimony and the statement that she gave Chief Investigator Robert Holmes on the day the crime happened.
>
> E. The defense counsel was ineffective for not impeaching Robert Holmes with his prior inconsistent testimony.
>
> F. The defense counsel was ineffective for not having any previous trial experience.
>
> G. The defense counsel was ineffective for not conducting an independent investigation.
>
> H. The defense counsel was ineffective for not making herself familiar with the crime scene and its surrounding area, as she was from out of town.
>
> I. The defendant counsel was ineffective for not issuing any subpoenas to witnesses to insure favorable testimony.

    J. The defense counsel was ineffective for not raising the fact, at trial level, that the defendant was denied his constitutional right to a speedy trial.

    K. The defense counsel was ineffective due to the fact that she was appointed to the defendant less than 25 days prior to trial.

    L. The defense counsel was ineffective for not objecting to hearsay testimony of Holmes, regarding alleged statements of co-conspirator Michael D. Carroll.

    M. The defendant was denied his constitutional right to a speedy trial.

On August 17, 2004, the Mississippi Court of Appeals affirmed petitioner's judgment of conviction and sentence in a written opinion. Norris v. State, 893 So.2d 1071 (Miss. App. 2004), *reh'g denied,* October 26, 2004, *cert. denied,* February 17, 2005 (Cause No. 2002-KA-01254-COA).

Petitioner later filed a *pro se* "Application for Leave to Proceed in the Trial Court" and "Motion for Post-Conviction Collateral Relief," raising the following issues:

    A. The petitioner was improperly convicted and given consecutive sentences for two counts of sexual battery in violation of the Double Jeopardy Clause of the Fifth U.S. Constitutional Amendment and the Fourteenth Amendment of the Mississippi State Constitution.

    B. The petitioner's right to Due Process notice of charge was violated when the trial court allowed any and all jury instructions that referred to aiding and

>abetting as the Petitioner was not charged as such in the indictment.
>
>C. Defense counsel was ineffective for not issuing any subpoenas to insure favorable testimony.

On October 31, 2005, Norris filed the Petition for Writ of Habeas Corpus in this case, raising the issues which he previously asserted in his direct appeal. The issues are summarized as follows:

>1. Improper conviction and consecutive sentences for two counts of sexual battery in violation of Double Jeopardy Clause of 5th Amendment.
>
>2. Violation of due process right to notice of charge.
>
>3. Court of Appeals raised on its own motion that sentence of twenty years post-release supervision is plain error.
>
>4. Jury verdict was against the overwhelming weight of the evidence.
>
>5. Defendant counsel ineffective for not issuing any subpoena.
>
>6. Defense counsel was ineffective for not raising the issue at trial that petitioner had been denied his constitutional right to a fast and speedy trial.
>
>7. Petitioner denied his constitutional right to a fast and speedy trial.

The State responded by filing its Answer on April 18, 2006, followed by the filing of the five volume state court record on May 1, 2006.

## **Standard of Review**

The applicable portions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-32, 110 Stat. 12144, and the standard of review imposed upon this court by AEDPA, prevent the granting of habeas relief in this action. Title I of the AEDPA modified 28 U.S.C. § 2254 by providing the following:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under AEDPA, where the state court adjudicated the petitioner's claim on the merits, this Court reviews questions of fact under § 2254(d)(2), while questions of law or mixed questions of law and fact are reviewed under §2254(d)(1). A state court decision is "contrary to" federal law if it is dependent upon principles of law which directly conflict with prior Supreme Court holdings, or reaches a different conclusion than that reached by the

Supreme Court on materially indistinguishable facts. Henderson v. Quarterman, 460 F.3d 654, 659 (5th Cir. 2006).

An "unreasonable application" by a state court decision is where the court "correctly identifies the governing legal principle" but then "unreasonably applies it to the facts of the particular case." Bell v. Cone, 535 U.S. 685, 694 (2002). Merely an erroneous or incorrect application of federal law is **not** to be considered unreasonable; the state-court's application must be **objectively** unreasonable before relief may be granted. Rompilla v. Beard, 545 U.S. 374, 380 (2005). *See also* St. Aubin v. Quarterman, ___ F.3d ___, 2006 WL 3360380, *4 , 5th Cir. (Tex.), Nov. 21, 2006) (No. 05-40277).

Factual findings are presumed to be correct, and the Court defers to the state court's decision regarding factual determinations unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000); § 2254(d)(2). The courts have no authority to grant habeas corpus relief simply because "we conclude, in our independent judgment, that a state supreme court's application of [federal] law is erroneous or incorrect." Catalan v. Cockrell, 315 F.3d 491, 493 (5th Cir. 2002).

This Court must determine whether or not the Mississippi Supreme Court's decision was an **unreasonable application** of any clearly established Federal law or either **contrary to** any clearly established Federal law, as set forth in a United States Supreme Court case.

## Facts

A synopsis of the facts of this case are set forth in the Mississippi Court of Appeal's decision at 893 So.2d 1073.  The trial transcript reflects that the victim, B.S., testified regarding her alleged assault and rape.  On September 18, 2001, she had asked Michael Carroll for a ride home from Mr. B's store.  Carroll was the son of a man she had known for a long time, and she trusted him, but she did not know Byron Norris, who was with Carroll in the car.  Norris drove her to the Holmesville Bridge, rather than her home, and then Norris and Carroll made her get out of the car.  They both then began to beat her and then raped her both vaginally and orally.  According to B.S., Norris "coached" Carroll on to rape her.  R. 95-96.  Norris initially assaulted and raped her, and then he held her down and encouraged Carroll to also rape her; Carroll did.  R. 90-104.  BS testified that they ran into her with their car afterwards as she tried to run away.  R. 96.

Edward Robertson testified that he found BS on the bridge after the accident, and she told him she had been raped.  R. 72-77.  Dr. Lenny Derouen, the emergency room doctor, testified that he treated BS that

night, and she told him she had been raped and beaten. R. 86-88. He testified that her injuries were consistent with a sexual assault. R. 88. The investigating Officer Robert Holmes testified that Norris admitted that he hit BS with his fists and almost ran her over. R. 48-71.

Norris testified on his own behalf, admitting that he had sex with BS but insisting that it was consensual. R. 106-125. According to Norris, it was Carroll who had non-consensual sex with BS. Yet, Norris admitted that he hit BS in the nose and chest and lifted her up onto the hood of the car and held her down. R. 120-21; 123-24. No other witnesses testified on behalf of the defense.

The Defendant was represented at trial by attorneys Dawn L. Stough and Paul M. Luckett. The State was represented by Assistant District Attorneys Rodney Tidwell and Hilton Miller. Former Circuit Judge Keith Starrett presided over the trial.

## Analysis of the Issues and the Applicable Law

In Ground 1, Norris contends that his conviction and consecutive sentences for two counts of sexual battery violate the Double Jeopardy Clause of the United States Constitution. He contends that he only had sex with BS once, according to BS's own testimony, and was indicted and convicted for two separate counts of sexual battery. Norris raised this issue in his post-conviction motion, and the supreme court denied relief by finding

that he had failed to state the denial of a constitutional right. The decision did not discuss the Double Jeopardy argument.

The undersigned finds that these circumstances do not present a Double Jeopardy issue. The constitutionality of charging a defendant with multiple offenses is determined by the test set forth in Blockburger v. United States, 284 U.S. 299 (1932): "The applicable rule is where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." *Id.* at 301.

In Norris's case, there is no issue of whether two distinct statutory provisions are violated. Norris was convicted of two separate sexual acts of battery against BS: one committed by him alone, and one wherein he assisted his co-defendant Carroll. The acts were separate. *See, e.g.,* Winters v. State, 814 So.2d 184, 189 (Miss. App. 2002) (two acts are considered separate incidents of sexual battery because each required proof of different facts and consent as to each act). The undersigned finds that the Mississippi court did not *unreasonably apply* any federal law to this argument, nor was the court's decision *contrary to any clearly established* federal law or the United States Constitution.

In Ground 2, Norris contends that his due process rights were violated when the jury was allowed to find him guilty on Count II (sexual battery) based upon a finding that he aided and abetted Carroll in the commission of sexual battery. Specifically, Norris complains of the court's rulings as to Jury Instructions S-1, S-2, S-3, S-4, and S-11, the instructions regarding "aiding and abetting" Carroll in the commission of sexual battery. Because the indictment does not use the phrase "aiding and abetting," Norris contends that the jury should not have been instructed that it could find him guilty if it believed he aided and abetted Carroll. According to Norris, the jury instructions constructively amended the indictment, depriving him of his Fourteenth Amendment rights.

The court of appeals held that the jury instructions were proper, in that as a whole they correctly stated the law regarding an "aider and abetter," *i.e.*, such a person who acts "in concert to accomplish the commission of a crime, the act of one is the act of all." 893 So.2d at 1073-74. Under Mississippi Code Ann. § 97-1-3, any person who is an accessory to a felony may be deemed a principal and indicted and punished as such. Accordingly, there is no requirement that the indictment use the terms of "aiding and abetting"; such a person may be indicted for the crime itself. The court held that the instruction language was not directing the jury to find Norris guilty of the crime of aiding and abetting; it simply was directing

the jury that if it believed Norris did aid and abet Carroll, then he should be found guilty of the principal charge of sexual battery. Id. at 1074.

Norris was not convicted of a crime for which he was not indicted; the instructions merely explained the proof required for a guilty verdict on the principal crime of sexual battery. He had sufficient notice of the charges for which he was indicted, as the indictment clearly charged him in Counts I and II for the sexual battery, along with his co-defendant Carroll, named in each count. Count III clearly charges him with the conspiracy to commit sexual battery in conjunction with Carroll. The indictment clearly notifies Norris that his alleged act of agreeing and conspiring with Carroll to commit sexual battery is the crime for which he was tried; hence, the abetting and aiding language contained in the instructions was appropriate.

We find that the state court's ruling did not violate any clearly established federal law and that no relief may be granted on this issue. Generally, challenges to jury instructions may not form a basis for federal habeas corpus relief. Gilmore v. Taylor, 508 U.S. 333, 343-44 (1993). Only if an instruction was so unfair as to rise to the level of a constitutional violation would relief be appropriate. Id. In this case, the instructions regarding aiding and abetting were proper under state law, according to the state courts, and do not violate due process.

In Ground 3, Norris contends that his sentence of twenty years post-release supervision was "plain error" and grounds for reversal. The court of appeals' decision stated as follows:

> ISSUE RAISED BY COURT ON ITS OWN MOTION
> VI. THE SENTENCING OF TWENTY YEARS POST-CONVICTION RELEASE SUPERVISION IS PLAIN ERROR.

893 So.2d at 1072.

No other discussion of the issue is contained in the opinion, and Norris's sentence was not altered in the mandate section of the opinion. Obviously, that court's opinion effectively altered the sentence to conform with Miss. Code § 47-7-34(3). That section provides that the maximum time that MDOC may supervise an offender on the post-release supervision program is five years. The Mississippi Supreme Court issued a decision in <u>Johnson v. State</u>, 925 So.2d 86, 102 (Miss. 2006), noting the five year limit on supervised release by the MDOC but holding that the "time period that extends beyond the five-year statutory maximum for post-release supervision becomes 'unsupervised' post-release supervision." (*Citations omitted*). Hence, Norris's sentence is merely translated as being five years of post-release to be supervised by MDOC, with the remaining fifteen years to be monitored by the court alone. *Id.*

This sentence issue does not rise to the level of a constitutional violation, and no habeas relief can be granted regarding this "error." The

application of the post-release supervision statute to the facts of Norris's case are purely a matter of the court's interpretation of state law. "[M]ere errors of state law are not the concern of this Court ... unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution." Wainwright v. Goode, 464 U.S. 78, 84 (1993).

In Ground 4, the Petitioner charges that the jury verdict was against the "overwhelming weight of the evidence" in his case; this is not a ground for habeas relief. Young v. Kemp, 760 F.2d 1097, 1105 (11th Cir. 1985), *cert. denied*, 476 U.S. 1123 (1986). However, we have considered the evidence presented at Norris's trial to determine if it is constitutionally sufficient to support the guilty verdict under the standard set forth in Jackson v. Virginia, 443 U.S. 307 (1979). The Mississippi Court of Appeals did not discuss this issue in its opinion, although it was presented in the brief filed by Norris's attorney. Whether or not this Court does a *de novo* review of the evidence, or whether the deferential AEDPA standard is used, no relief may be granted based upon the sufficiency of the evidence; the undersigned finds that under either review, the state court's decision was **not** an unreasonable application of the Jackson standard.

In Jackson, the United States Supreme Court articulated the standard of review to be applied in federal habeas corpus claims that allege that a state court conviction was based on insufficient evidence. The relevant

13

question is, "[w]hether, after viewing the evidence and the reasonable inferences which flow therefrom in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  443 U.S. at 324; *see also* United States v. Smith, 203 F.3d 884, 887 (5th Cir.  2000), *citing* Jackson; West v. Johnson, 92 F.3d 1385, 1393 (5th Cir. 1996).

The evidence presented by the State included the testimony of the victim, BS, as well as the man who found BS after the assault, the ER doctor who examined her, and the investigating officers.  The victim's testimony, corroborated by the medical records, is sufficient evidence to support the verdict.  R. 90-96.  Additionally, Norris's testimony that he punched the victim, and came close to striking her with his car, and grabbed her by one arm and leg to get her on the hood of the car, all contribute to the substantial evidence.  R. 58-62; 66.  Norris testified that he had consensual sex with BS one time; BS testified that he raped her one time and then assisted Carroll by holding her down while he raped her.  R. 90-96.  She also testified that Norris cheered Carroll on as he raped her and physically assaulted her during the rape.  The ER doctor's testimony and the medical records confirmed that BS suffered a severe black eye, bloody nose, cuts on her hands, chest and legs, as well as having several broken bones in her face, the sinus bones, her nose, and the orbits.  R. 85-90.

This evidence is substantial, and the undersigned finds that it clearly meets the Jackson standard under a *de novo* review.  Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found Petitioner guilty beyond a reasonable doubt based on the evidence presented.  Moreover, it is well-settled that a federal court may not substitute its own judgment regarding the credibility of witnesses for that of the state courts.  Marter v. Blackburn, 777 F.2d 1007, 1012 (5th Cir. 1985); Dunn v. Maggio, 712 F.2d 998, 1001 (5th Cir. 1983).

In Grounds 5 and 6, Norris contends that he was denied the effective assistance of counsel at trial.  He presented these claims to the Mississippi Court of Appeals on direct appeal, and the court found that he had failed to meet the standard as set out in Strickland v. Washington, 466 U.S. 668 (1984).  Strickland provides clearly established Federal law regarding such claims, and the undersigned finds that the Mississippi court's application of Strickland to the facts of Norris's case was reasonable and correct.  Even if we found the Mississippi court's application of Strickland to be **incorrect,** we could not recommend granting habeas relief unless we found that court's application of Strickland to be objectively unreasonable or an actual misapplication of the law.  *See* Neal v. Puckett, 286 F.3d 230, 236 (5th Cir. 2002) ("We have no authority to grant habeas corpus relief simply because

we conclude, in our independent judgment, that a state supreme court's application of Strickland is erroneous or incorrect.")

To sustain claims of inadequate assistance of counsel, a defendant usually must meet the standards of Strickland v. Washington, which require proof that "counsel's performance was deficient" and "the deficient performance prejudiced the defense" so gravely as to "deprive the defendant of a fair trial; a trial whose result is unreliable." Strickland, 466 U.S. at 687, 688. Thus, both a deficiency and resulting prejudice must be shown. United States v. Lewis, 786 F.2d 1278, 1281 (5th Cir. 1986).

We have reviewed the entire state court record, which includes the transcript of the trial, including the pretrial proceedings, jury instructions and other pleadings. The appellate record is contained therein, including the supplemental brief that Norris filed *pro se* in the direct appeal of the case. The review convinces the undersigned that counsel performed admirably in their representation of Norris, and that no deficiencies can be established.

In Ground 5, Norris contends that his counsel was ineffective for failing to issue a subpoena to his co-defendant, Carroll. According to Norris, Carroll would testify that he was the only person that had sex with BS under the bridge. Officer Holmes testified that Carroll did give a statement saying he was the only person that had sex with BS at the bridge. R. 70. However, defense counsel obviously believed that it would be dangerous to Norris's

defense to have Carroll testify, as the remaining incriminating portions of his statement would then also be provided to the jury.  Further, it is more than likely that Carroll would have plead his Fifth Amendment rights and refused to testify even if subpoenaed.  It is conclusory for Norris to assume that Carroll's testimony would have exonerated him, and no deficiency can be found in this regard.

We find Norris's assertions regarding this uncalled witness too conclusory to support a deficiency.  Complaints of uncalled witnesses are not favored in a federal habeas corpus court because the presentation of testimonial evidence is a matter of trial strategy, and because allegations of what a witness would have testified are largely speculative.  McCoy v. Cabana, 794 F.2d 177, 183 (5th Cir. 1986); Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984); United States v. Cockrell, 720 F.2d 1423, 1427 (5th Cir. 1983) ("this Court has viewed with great caution claims of ineffective assistance of counsel where the only evidence of a missing witness' testimony is from the defendant.")  It is doubtful that the result of the trial would have been different if Carroll had testified; he was a co-defendant whose recorded statements contained prejudicial remarks regarding Norris's role in the crime, and his testimony could have harmed Norris rather than helped him.

In Ground 6, Norris contends that his counsel was ineffective for failing to raise his speedy trial rights at the trial court level. Norris also contends in Ground 7 that his constitutional speedy trial rights were violated. The issue was raised for the first time on appeal, and the court of appeals refused to consider it. 893 So.2d 1075. Hence, was the failure to raise the issue a deficiency on the part of counsel?

Norris was arrested on September 19, 2001, according to him, and was tried on June 27, 2002, a total of 281 days between his arrest and his trial. The statutory right to a speedy trial is calculated from the date of arraignment. Miss. Code Ann. §99-19-71 (1972). Norris signed a waiver of arraignment on January 3, 2002. C.P., p. 9. Therefore, his trial was within 270 days of his arraignment, and his statutory speedy trial right was not violated. Counsel could not be deficient for failing to raise a meritless issue. Clark v. Collins, 19 F.3d 959, 966 (5th Cir. 1994).

We have also considered the dates of his purported arrest, waiver of arraignment, and trial under the four prong test of Barker v. Wingo, 407 U.S. 514 (1972). The Barker case constitutes clearly established law regarding constitutional speedy trial rights. Since Norris was tried approximately nine months after his arrest, and can show no prejudice by this delay, his constitutional speedy trial rights were not violated. Hence, counsel was not deficient for failing to raise the issue.

We find no deficiencies in counsel's performance, and the first prong of the Strickland test has not been met. Applying the standard of review required by AEDPA, we find that the state court's application of the law [i.e., the Strickland standard] to the facts in Norris's case was clearly not unreasonable in light of the evidence. Counsel performed adequately under the circumstances of this case. As both the United States Supreme Court and the Fifth Circuit Court of Appeals have recognized, a criminal defendant is not constitutionally entitled to a perfect trial, just a fair one. Delaware v. Van Arsdall, 475 U.S. 673, 681 (1986); Sawyer v. Butler, 848 F.2d 582, 594 (5th Cir. 1988). A review of the record confirms the undersigned's conclusion that Norris did receive a fair trial, represented by adequate counsel. We also reject Ground 7, the constitutional speedy trial claim, on its merits.

## **CONCLUSION**

The undersigned has thoroughly reviewed both the trial record and the appellate record regarding Norris's conviction for sexual battery and conspiracy to commit sexual battery. The trial was conducted in a fair manner, and we find no errors which have permeated these proceedings so as to render his trial unfair in a constitutional sense.

It is therefore the recommendation of the undersigned United States Magistrate Judge that the petition of Byron Wendell Norris be dismissed with prejudice and that a Final Judgment in favor of the Respondents be entered.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation on or before January 4, 2006, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §§636, <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 3rd day of January, 2007.


S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE